Bob R. **JEANES**, Appellant,

v.

Edward J. **DERWINSKI**, Secretary of Veterans Affairs, Appellee.

No. 91–3.

United States Court of Veterans Appeals.

Sept. 24, 1992.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, veteran Bob R. Jeanes, appeals from a September 9, 1990, decision of the Board of Veterans' Appeals (BVA or Board) reducing his disability rating from 20% to 0% for service-connected impairment of the right rhomboid and trapezius muscles (muscle group II (extrinsic muscles of shoulder girdle), 38 C.F.R. § 4.73, Diagnostic Code (DC) 5302 (1991)). *Bob R. Jeanes*, BVA 90–___ (Sept. 9, 1990). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet. App. 23, 25–26 (1990).

In 1975 a Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) awarded the veteran service-connected disability compensation, at a 20% rating, for his disability of muscle group II. R. at 9. In a June 16, 1976, decision affirming that RO decision, the BVA stated as its sole finding of fact that the veteran's service-connected impairment of the right rhomboid and trapezius muscles was "manifested by subjective complaints of pain and tenderness". R. at 16.

In 1988, the veteran applied for an increased rating for his service-connected disability of muscle group II. In January 1989, he was given a VA orthopedic examination. The VA examiner stated that there was a full range of motion in both shoulders, and that he was "unable to discern any atrophy of the trapezius or rhomboid muscles". R. at 25. The examiner's opinion was "normal exam of right rhomboid and trapezius muscle[s]." *Ibid.* In a March 1989 letter to VA, the veteran stated that the VA orthopedic examination was cursory and consisted only of the examiner looking at the veteran's feet and hands. R. at 27. In May 1989, the RO reduced the veteran's rating from 20% to noncompensa-

ble. R. at 28. In its September 1990 decision, the Board, characterizing the claim as one for an increased rating, concluded that the January 1989 VA examination was "thorough and adequate for rating purposes", and denied a compensable rating for the veteran's service-connected disability of muscle group II.

The Board erred in characterizing the issue before it as a question whether the veteran was entitled to an increased rating, rather than whether the reduction in the veteran's rating was proper. *See Dofflemeyer v. Derwinski*, 2 Vet.App. 277, 279–80 (1992); *Peyton v. Derwinski*, 1 Vet.App. 282, 286 (1991) ("This is a rating reduction case, not a rating increase case"). As a result of that error, the Board failed to consider and discuss the provisions of 38 C.F.R. § 3.344 (1991) as they apply to the veteran's claim. Pursuant to section 3.344, when a service-connected rating has been in effect for more than five years, it may not be reduced except upon an examination that is at least as "full and complete" as the examination on which the rating was awarded and which reveals "material improvement" in the condition that is reasonably certain to be maintained under the ordinary conditions of life. *See Dofflemeyer, supra; Lehman v. Derwinski*, 1 Vet. App. 339, 342 (1991); *Peyton, supra.* Furthermore, the Board must review "the entire record of examinations and the medical-industrial history" to ascertain whether the recent examination was sufficiently full and complete. 38 C.F.R. § 3.344(a).

In the present case, the January 1989 examination revealed only that the veteran had a full range of motion in the shoulders and that no atrophy of the trapezoid or rhombus muscles was observed. R. at 25. However, when the veteran's 20% rating was originally assigned in 1975, the medical evidence revealed no objective physical abnormalities or impairments related to the service-connected condition. Rather, as the BVA in 1976 stated, the veteran's condition at that time was "manifested by subjective complaints of pain and tenderness", and, thus, the 20% rating was based on disability due to such pain and tenderness. R. at 16. The January 1989 VA examination

does not address whether there is currently pain and tenderness resulting from the service-connected condition. Therefore, since the recent VA examination does not address the symptoms which formed the basis for the prior 20% disability rating, it does not indicate "material improvement" in the condition, nor is it sufficiently full and complete, as required by section 3.344(a), to justify a reduction of the 20% rating. Because the Board failed to apply the provisions of section 3.344 in reducing the veteran's long-standing disability rating, its decision is void ab initio. *See Dofflemeyer*, 2 Vet.App. at 281–282; *Schafrath v. Derwinski*, 1 Vet.App. 589, 596 (1991).

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion for summary affirmance, the Court holds that the September 9, 1990, BVA decision reducing the veteran's service-connected disability rating was void ab initio as not in accordance with procedure required by law. *See* 38 U.S.C. § 7261(a)(3) (formerly § 4061). Therefore, the Court denies the Secretary's motion for summary affirmance, reverses the September 9, 1990, BVA decision, and remands the matter to the BVA for prompt reinstatement, effective August 1, 1989, of the veteran's 20% rating for service-connected impairment of the right rhomboid and trapezius muscles.

REVERSED AND REMANDED.